**Preston PRICE, Plaintiff—Appellant,**

v.

**MCDONALD'S CORPORATION Defendant—Appellee.**

No. 04–55261.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 17, 2005.

Decided Dec. 1, 2005.

---

900

Rupert A. Byrdsong, Esq., Charlie L. Hill, Ivie McNeill & Wyatt, Los Angeles, CA, for Plaintiff–Appellant.

Jack S. Sholkoff, Holland & Knight, Los Angeles, CA, for Defendant–Appellee.

Before: CANBY, FERNANDEZ, and BERZON, Circuit Judges.

MEMORANDUM *

## I. Race Discrimination

Both the federal courts and California courts follow the framework announced in

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*McDonnell Douglas,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), for establishing an employment discrimination case. *See Aragon v. Republic Silver State Disposal, Inc.,* 292 F.3d 654, 658 (9th Cir. 2002); *Guz v. Bechtel Nat. Inc.,* 24 Cal.4th 317, 100 Cal.Rptr.2d 352, 8 P.3d 1089, 1113 (2000). Under the *McDonnell Douglas* framework, the plaintiff must establish a prima facie case. Then the defendant must produce a legitimate nondiscriminatory reason for the adverse employment action. Finally, the plaintiff must rebut the defendant's proffered reason by demonstrating that it was pretextual.

■ In holding that Price had not presented a triable issue at the prima facie case stage, the district court applied an excessively rigorous standard. *See Aragon,* 292 F.3d at 660; *Lam v. Univ. of Hawaii,* 40 F.3d 1551, 1564 (9th Cir.1994). All Price must do at the prima facie case stage to establish a genuine factual issue is present *some* evidence that he was qualified. He has satisfied that requirement by showing that he was a store manager with extensive experience at McDonald's and no record of discipline.

There is no dispute concerning whether McDonald's stated a neutral reason for its failure to promote Price and for suspending Price; it did. The burden therefore shifts to Price to demonstrate that the proffered reasons—inadequate management performance at the Carson store and labor law violations—were pretexutal.

■ More substantive evidence is required to rebut a defendant's legitimate nondiscriminatory reason sufficiently to withstand summary judgment than is required to establish a prima facie case. "[T]he mere existence of a prima facie case, based on the minimum evidence necessary to raise a McDonnell Douglas presumption, does not preclude summary judgment." *Wallis v. J.R. Simplot Co.,* 26 F.3d 885, 890 (9th Cir.1994). Price failed to offer sufficient evidence to present a genuine factual issue that McDonald's reasons for failing to promote him were pretexts for discrimination.

First, Price has not presented any *direct* evidence raising a triable issue of a racially discriminatory motive. *See Godwin v. Hunt Wesson, Inc.,* 150 F.3d 1217, 1220 (9th Cir.1998). The only evidence of a racially biased comment was by a person would was not the decisionmaker regarding promotions. Also, the comment had nothing to do with Price or with promotions.

Second, there is no substantial circumstantial evidence of pretext. *See id* (noting that circumstantial evidence "must be 'specific' and 'substantial' in order to create a triable issue with respect to whether the employer intended to discriminate"). In his deposition, Price concurred in the assessment that as of February, 2002, he had sufficient room for improvement that the denial of promotion was reasonable. There were no promotions for which Price was eligible between that time and his resignation. As Price confirmed at oral argument, only post-December promotion opportunities are alleged to have been based on race discrimination. Whether or not one regards Price's deposition statement as a concession, it is consistent with the conclusion, otherwise supported by the record, that McDonald's assessment of Price's qualifications for promotion as of February 2002 was reasonably supported by his performance record and therefore is not a basis for inferring pretext.

Third, McDonald's promoted other African–Americans shortly before and during the period Price was not promoted.

Fourth, no inference of pretext arises from Price's high educational accomplishments, as McDonald's does not base promotions on educational background.

Fifth, with regard to the suspension, the circumstantial evidence is not sufficiently specific and substantial, in light of the relatively weak race discrimination prima facie case, to give rise to an inference that the reasons given were a pretext for race discrimination.

While "shifting, contradictory, implausible, uninformed, or factually baseless justifications for [an employer's] actions" may raise a triable issue of pretext, *Guz*, 100 Cal.Rptr.2d 352, 8 P.3d at 1119, McDonald's has been consistent in its position. That position, while not necessarily correct, cannot be said to be "implausible, uninformed, or factually baseless." *Id.*

We conclude that no substantial circumstantial evidence supports an inference that the reasons McDonald's gave for not promoting and for suspending Price were a pretext for race discrimination. We affirm the district court's grant of McDonald's motion for summary judgment on the race discrimination cause of action.

## II. Retaliation

The retaliation cause of action focuses exclusively on the one-week suspension imposed three weeks after Price filed his race discrimination EEOC charge. A plaintiff can survive summary judgment on a retaliation cause of action under FEHA, CAL. GOV.CODE § 12940(h), by presenting evidence of the temporal proximity of the protected activity and the adverse employment action, combined with a basis for disbelieving any facially neutral reasons proffered by the employer for the adverse employment action challenged. *See Miller v. Fairchild Indus.*, 885 F.2d 498, 505–06 (9th Cir.1989).

Here, Price offered evidence that he was given no opportunity to explain his alleged violation of McDonald's wage and hour policies before the meeting at which the suspension was announced. Price presented evidence that McDonald's ordinarily does ask the employee charged with violations of policy for his side of the story *before* deciding whether to impose discipline, rather than after making the decision, and that he was told that "if I wanted to make a statement, I could write it, but I was going to be suspended no matter what the statement said." In the unusual circumstances of the inchoate labor law violation for which Price was disciplined, such an explanation may have mattered, as Price may have been able to persuade McDonald's that he realized his error himself and corrected it before any violation occurred.

Also, McDonald's represented that its decision to suspend Price was premised, in part, on his revision of Marco Dehaza's time records for the day he attended a required class without adding the time for the class. A reasonable jury could find such reliance pretextual. The routine task of going over time records to assure that each employee logged in and out is unlikely to trigger a recollection of special circumstances such as attendance by a particular employee at a pre-starting time class.

Finally, Price had been employed as a manager at McDonald's for over five years without any record of discipline. A reasonable jury could consider this record, as well as the very short time span between the filing of the EEOC complaint and the suspension, in determining the significance of the timing of the suspension.

In conjunction, this evidence was sufficient to present a genuine issue concerning pretext on the retaliation claim. As summary judgment was therefore improper, we reverse the district court on that issue.

**AFFIRMED in part and REVERSED in part.**

FERNANDEZ, Circuit Judge, Dissenting.

I concur in the determination that Price's case for race discrimination could

not survive summary judgment. I cannot agree that there was evidence from which a reasonable jury could find retaliation in the one-week suspension for what amounted to a clear violation of a McDonald's labor policy of which Price was well aware.

Thus, I respectfully concur in part and dissent in part.